UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICHARD DOWNER,

    Plaintiff,

vs.                              Civil Action No.
                                    12-CIV-61384 ROSENBAUM/SELTZER

WESTON ALE HOUSE, LLC d/b/a
CAROLINA ALE HOUSE and
GASFORAL, LLC.
        Defendants
_____/

ANSWER

    COMES NOW, the Defendant GASFORAL, LLC and answers Plaintiff's Complaint as follows:

    1    Paragraphs 1, 2, 8, 9, 10 and 11 are admitted

    2.    Defendant has no knowledge of paragraphs 3, 4, 6, 13 14, and 20, and proof thereof is demanded.

    3.    Paragraph 5 is admitted except the Defendant Gasforal, LLC is the owner of the real property, but is not responsible for the maintenance and control of the interior of the premises.

    4.    Paragraph 7, is a re-allegation requiring not further response.

    5.    Paragraph 12, 15, 16, 17, 18, 19, and 21 are denied.

THEREFORE  Plaintiff's Complaint should be dismissed.

CROSS CLAIM COMPLAINT

Cross Plaintiff GASFORAL, LLC, (hereinafter called Gasforal) through the undersigned

counsel file this Cross Claim Complaint and sues Cross Defendant WESTON ALE HOUSE LLC, d/b/a CAROLINA ALE HOUSE, (hereinafter called Ale House) for injunctive relief to enforce the terms and conditions of a lease agreement, for the declaration of rights under the lease agreement, for indemnity and attorney's fees and alleges:

## JURISDICTION AND VENUE

1. This Honorable Court is vested with jurisdiction by virtue of Plaintiff's Complaint which was brought pursuant to 28 U.S.C. sec. 1331 and 1343 and the Plaintiff's resulting claim for relief un Title 42, U.S.C. sec. 12181 et. Seq., based upon the Defendants alleged violations of Title III of the Americans With Disabilities Act, (hereinafter referred to as the ADA).

2. Venue is proper in this Court, the Southern Division pursuant to 28 U.S.C. 1391(B) and Rule 3.1, Local Rules of the United States District for the Southern District of Florida in that all events alleged occurred in Broward County, Florida.

## PARTIES

3. The Cross Plaintiff Gasforal is a Florida limited liability company owning the real property which is the subject matter hereto located in Broward County, Florida, and is doing business in Broward County, Florida.

4. The Cross Defendant Ale House has its principal place of business in Broward County, Florida, and is doing business un Broward County, Florida by operating a restaurant in the City of Weston, Florida.

5. The Cross Plaintiff and Cross Defendant entered into a lease agreement in Broward County Florida and January 13, 2004 for the lease of the premises located at 2620 Weston Road, Weston, Florida, which lease is in full force and effect. The pages of this lease containing the

applicable conditions are attached to the Cross Claim Complaint as an exhibit.   The number of pages of this lease could exceed the maximum for electronic filing, and the complete lease is available to the parties upon request.

## COUNT I

6. Cross Plaintiff Gasforal adopts and re-alleges the allegations stated in paragraphs 1 through 5 of this cross claim as if fully stated herein.

7. Cross Plaintiff was served by the Plaintiff Richard Donner with a Complaint alleging violations of the Americans With Disabilities Act.  This Complaint against the Cross Plaintiff alleges the Cross Plaintiff discriminated against the Plaintiff as a result of specific violations. These alleged violations are:

   a. Stall hardware requires pinching, tight grasping or turning of the wrist to operate in violation of 2010 ADA Standards sec. 309.

   b. Lavatory mirror is mounted at 41" (1041 mm) above the finished floor to bottom edge of its reflecting surface in violation of 2010 ADA Standards sec 603.3.

   c. Lavatory has unwrapped bottom sink pipes in violation of 2010 ADA Standards sec. 606.

   d. Lavatory mirror outside the stall is mounted at 41" (1041 mm) above the finished floor to the bottom edge of its reflecting surface in violation of 2010 ADA Standards sec. 606.3.

   e. Non-compliant door opening force in violation of 2010 ADA Standards sec. 404.

   f. Door closing time is less than 5 seconds in violation of 2010 ADA Standards

sec. 404.

      g.  Counter in bar area is mounted above the required compliant height in violation of 2010 ADA Standards, sec. 904.

      h.  Counter in outside bar area is mounted above the required compliant height in violation of 2010 ADA Standards sec. 904.

      i.  There are no accessible tables provided in the seating area in violation of 2010 ADA Standards sec. 902.

      j.  Fixed tables in the seating area have a non-compliant knee clearance and non-compliant clear floor space in violation of 2010 ADA Standard sec. 902.

      k.  There are no accessible tables in the outside seating area provided in violation of the 2010 ADA Standards sec. 902.

      l.  Tables in the outside seating area have a non-complaint knee clearance and a non-compliant clear floor space in violation of 2010 ADA Standard sec. 902.

      m.  Left accessible parking space has non-compliant surface slope in violation of 2010 ADA Standards sec. 502.

      n.  Access aisle for the two accessible parking spaces has a non-compliant surface slope in violation of ADA Standards sec. 502.

      o.  Right accessible parking space has a non-compliant surface slope in violation of the 2010 ADA Standards sec. 502.

      p.  Accessible route to Main Entrance from Accessible Parking Spaces ha a non-compliant cross slope in violation of 2010 ADA Standards Ac sec. 403.

    8.  Plaintiff is further alleging upon further inspection there may be additional

violations which could be identified.

9.  On Page 9, sub paragraph (n) of the attached portion of the lease between Cross Plaintiff and Cross Defendant it provides:

"If applicable, Tenant agrees that, within the interior of the Demised Premises, it shall be responsible for compliance with the Americans with Disabilities Act (42 U.S.C. sec. 12101 et. seq.) Hereinafter referred to as ADA and the regulations and Accessibility Guidelines for Buildings and Facilities issued pursuant thereto.  The Tenant shall indemnify and hold the Landlord harmless with regard to any actions which may be brought against the Landlord resulting from Tenant's failure to comply the ADA, including, but not limited to reimbursement for reasonable attorney's fees and costs, and any modification to the interior which the landlord may be required to make resulting from allegations of non-compliance with the ADA."

This paragraph of the lease makes it clear the Ale House is responsible for all ADA compliance within the interior of the premises and agrees to indemnify and hold Gasforal harmless with regards to the action brought by the Plaintiff including attorney's fees.

10.  The portions of the lease agreement attached provides indemnity and protection to the landlord from any loss or damage, to a third party, as a result of the tenant's failure to comply with ADA Standards.  Paragraph 7 above sets forth tenant's failure as alleged by the Plaintiff in his Complaint.

THEREFORE:  The Cross Plaintiff demands judgment against the Cross Defendant as follows:

A.  In the event the Court determines the subject property is in violation of ADA Standards as set forth in Plaintiff's complaint:

1. An order be entered requiring the Cross Defendant to make such changes to the premises as are determined by the Court.

2. An order be entered requiring the Cross Defendant to pay the Cross Plaintiff its

attorney's fees and costs as it is determined to be owed Cross Plaintiff in accordance with the lease agreement.

      3. An order be entered requiring the Cross Defendant to reimburse the Cross Plaintiff for any damages, fees and costs which were awarded Plaintiff as a result of any actions of Cross Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2012, I electronically filed the foregoing document with the clerk of Court using CM/ECF.   I also certify the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Notices of Electronic Filing:

Mark D. Cohen, Esq., at mdcohenpa@yahoo.com

with copy by facsimile to (954) 962-1779

                      Sam C. Caliendo, P.A.

                      By:_____/S/_____
                      Sam C. Caliendo, Esq.
                      3170 N. Federal Hwy., Suite 116
                      Lighthouse Point, FL 33064
                      Telephone: (954) 941-8455
                      Fax: (954) 941-8486
                      CaliendoLawyer@aol.com