UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

RICHARD DOWNER,                             CASE NO.:   12-CV-61384-RSR

        Plaintiff,

v.

WESTON ALE HOUSE, L,L,C., d/b/a
CAROLINA ALE HOUSE and
GASFORL,  L.L.C.,

        Defendants.
_____/

**<u>DEFENDANT, WESTON ALE HOUSE, L.L.C.'S,
ANSWER AND DEFENSES TO COMPLAINT</u>**

    The Defendant, WESTON ALE HOUSE, L.L.C., by and through its undersigned attorneys, and for its answer and defenses to Plaintiff's complaint states:

    1.    Defendant denies the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21, and demands strict proof.

    2.    Defendant denies any and all allegations not specifically admitted in this answer and demand strict proof.

    3.    Any all modifications requested by Plaintiff are not readily achievable.

    4.    Plaintiff does not have standing to maintain this action.

    5.    Any and all modifications requested by Plaintiff would create an undue financial hardship upon Defendant.

    6.    Defendant is not required by the Americans With Disabilities Act nor the

ADAAG's to make any of the modifications requested by Plaintiff.

7. Plaintiff fails to set forth any ultimate facts or basis to support a prima facie case that Defendant has discriminated against him due to a disability.

8. Plaintiff has failed to satisfy conditions precedent including, but not limited to, providing adequate notice prior to filing suit and exhausting administrative remedies.

9. Defendant is not responsible or liable for ADA compliance on property it does not own or control.

10. Defendant is not liable to Plaintiff for damages or attorneys' fees with respect to any improvements that it initiated separate and apart from the instant lawsuit by Plaintiff.

11. Plaintiff's claims are not ripe for adjudication and/or are moot.

12. Plaintiff's claims are barred by the doctrines of estoppel and waiver.

13. At all times material hereto, Defendant made a good faith effort to comply with all requirements of the ADA, and Defendant had reasonable grounds for believing its actions and/or alleged inactions are in compliance with applicable law. Therefore, judgment should be entered in favor of the Defendant.

14. To the extent that the demand for modification to policies, practices, and procedures would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations, Defendant is not required to make or offer such modifications.

15. Plaintiff was fully capable of receiving and in fact received the same services

as non-disabled persons.

16.     The property which is the subject of this action was designed and built prior to the effective date of the ADA, or to the Department of Justice Regulations for its implementation under Title III thereof.  The ADA does not require the Defendant's compliance with the published regulations of the Department of Justice for new construction, but only with certain modifications therein.

17.     Plaintiff has demanded modifications which amount to a fundamental alteration.

18.     Plaintiff's service as a "tester" indicates that he lacks a "continuing connection" to the subject property; therefore, Plaintiff has no standing to seek injunctive relief.

19.     Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant.

20.     The barrier removals and/or other requests demanded by the Plaintiff are neither readily achievable, not reasonable, not required, and/or not technically feasible.

### Demand for Attorney's Fees

21.     Plaintiff has sued Defendant pursuant to 42 U.S.C. § 12001 et. seq.

22.     Plaintiff's action against Defendant is frivolous, unreasonable, and without foundation.

23.     Defendant has been required to retain the undersigned counsel in its defense

of this action and is obligated to pay counsel a reasonable fee.

24. Pursuant to 42 U.S.C.S. § 12205 and 28 U.S.C.S. § 1927, Defendant is entitled to recover its attorney's fees from Plaintiff once Defendant has prevailed in this action.

WHEREFORE, Defendant, , respectfully requests that this Honorable Court enter an order awarding Defendant its reasonable attorney's fees at the conclusion of this action.

## Demand for Jury Trial

Defendant demand trial by jury of all issues so triable as of right by a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    */s/ Christopher J. Stearns /s/*
CHRISTOPHER J. STEARNS
FLORIDA BAR NO.: 557870
Stearns@jambg.com
JOHNSON, ANSELMO, MURDOCH,
BURKE & HOCHMAN, P.A.
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:    (954) 463-0100
Facsimile:     (954) 463-2444

4

**SERVICE LIST**
Downer v. Weston Ale House, L.L.C. and Gasforal, L.L.C.
Case No.   0:12-CV-61384-RSR
United States District Court, Southern District of Florida

| | |
|---|---|
| Mark D. Cohen, Esquire<br>mdcohenpa@yahoo.com<br>MARK D. COHEN, P.A.<br>Presidential Circle, Suite 435 So.<br>4000 Hollywood Boulevard<br>Hollywood, Florida 33021<br>Telephone:   (954) 962-1166<br>Facsimile:   (954) 962-1779<br>Attorneys for Plaintiff | Christopher J. Stearnsm Esquire<br>stearns@jambg.com<br>JOHNSON, ANSELMO, MURDOCH,<br>BURKE, PIPER & HOCHMAN, P.A.<br>2455 East Sunrise Boulevard, Suite 1000<br>Fort Lauderdale, Florida 33304<br>Telephone:   (954) 463-0100<br>Facsimile:   (954) 463-2444<br>Attorneys for Defendant Weston Ale House, LLC |